Peter VOS, Jr., Plaintiff and Appellant,

v.

IML FREIGHT, INC., and IML Freight International, Inc., corporations, Defendants and Respondents.

No. 13752.

Supreme Court of Utah.

Feb. 6, 1975.

Joseph C. Fratto, Salt Lake City, for plaintiff and appellant.

Nathan J. Fullmer, Salt Lake City, for defendants and respondents.

HENRIOD, Chief Justice:

Appeal from a summary judgment denying relief where plaintiff was discharged for two failures to respond to his employer's instructions to drive truck which he had been employed to do. Affirmed.

Plaintiff voluntarily sought and received two hearings designed to obtain reinstatement after being discharged which he urges was without just cause,—all under a provision of a negotiated contract where a grievance was to be decided by arbiters, whose findings were agreed to be conclusive. Plaintiff lost out in this contractual arbitration atmosphere, and now seeks judicial review of his case,—a third thrust at it,—based on what he claims was incompetence of counsel that represented him, but did not protect his constitutional rights,—a frayed but persistent urgence,—and also on the general complaint that he could not bargain away his rights of review.

The implication was that the contract in which arbitration was the provided instrumentality for redress of grievances was void as preventing a judicial review. We do not buy such contention, since the plaintiff 1) sought to have his grievance determined under the very terms of a contract he now attempts to denounce,—a hot and cold approach frowned upon by courts, besides, 2) he obtained a judicial review, even though in cases like this, the U.S. Supreme Court has opined that legitimate arbitration is not the subject of review by the courts.[1]

There is nothing in this case pointing up any illegitimacy, bloodletting, fraud or departure from honorable settlement of disputes, but we say that under the discovery process pursued here, plaintiff's own statements under oath proved the fact and presented to the trial court no alternative but to grant the motion for summary judgment which reflected that there was no genuine issue of fact for pursuance here.

1. United Steel Workers v. Warren, 303 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

ELLETT, TUCKETT and MAUGHAN, JJ., concur.

CROCKETT, Justice (concurring specially):

I concur in affirming the judgment. But as to the arbitration and the necessity and desirability of some ultimate resort to the courts I adhere to the views set forth in Barnhart v. Civil Serv. Emp. Ins. Co., 16 Utah 2d 223, 398 P.2d 873.